**BURTON v. UNITED STATES.**
No. 9677.

United States Court of Appeals
District of Columbia Circuit.
Argued June 15, 1948.
Decided Sept. 13, 1948.

Mr. M. Edward Buckley, Jr., of Washington, D. C., for appellant.

Mr. James C. McKay, Assistant United States Attorney, of Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, John P. Burke and Sidney S. Sachs, Assistant United States Attorneys, all of Washington D. C., were on the brief, for appellee. Mr. Ross O'Donoghue, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

About 3:00 o'clock in the morning of July 2, 1946, the appellant, David Burton, was hurrying through the concourse of the Washington Terminal, carrying a package. His haste and furtive manner aroused suspicion in the mind of a porter who called a Terminal policeman. The officer arrested Burton as he was about to enter a taxicab and found the package to be one, with metered postage affixed, from Lansburgh's, a department store, addressed to a customer in Johnson City, Tennessee.

On February 12, 1947, Burton was convicted in the District Court of the United States for the District of Columbia of stealing the package from "an authorized depository for mail."[1] Later the court granted a new trial because the government had not proved the parcel was taken from an authorized depository for mail, in that the evidence for the prosecution did not foreclose the possibility that it was stolen from Lansburgh's truck before it reached the Post Office.

Burton was tried a second time in September, 1947, and was again convicted. The arresting officer at the first trial merely said the appellant told him "he got it off a platform, out where the trains come in." Obviously this was not enough to show the package to have been taken from an authorized mail depository. At the second trial, however, he testified as follows: "When I first approached him, I asked him what he had. He told me it was a suitcase. He later changed his statement and said it was a package he picked up off one of the trucks, mail trucks." A mail truck in a railroad terminal is, of course, an authorized depository for mail within the meaning of the statute.

Appellant says the officer falsified at the second trial and contradicted his previous testimony; and, therefore, the jury should have disregarded his statements. It is true that without the evidence of the arresting officer there was no direct proof of the parcel having been taken from a mail depository. But the offi-

---

[1] In violation of 18 U.S.C.A. § 317 (now § 1708), 35 Stat. 1125.

cer did not contradict, he rather amplified, his evidence at the first trial. His recital of the appellant's confession was uncontradicted, and his credibility was for the jury. Moreover, the parcel was carefully traced in the government's evidence from Lansburgh's warehouse to the mail truck beside the track which led to Johnson City.

There was substantial and convincing proof of the appellant's guilt. The judgment is affirmed.

Affirmed.